1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SMITH, | CASE NO. 1:CV-06-0717-OWW-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| K. MENDOZA-POWERS, WARDEN, | |
| Defendant. | (Doc. 10) |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On December 26, 2006, plaintiff filed a motion seeking a court order restraining defendant from depriving plaintiff of adequate, safe and secure living quarters resulting from alleged overcrowded conditions at Avenal State Prison. Plaintiff also requests an order prohibiting retaliation against him for bringing this action.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935,

1 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). At this juncture, plaintiff has not stated any cognizable claims for relief in this action. In a separate order issued concurrently with this Findings and Recommendations, plaintiff's complaint was dismissed, with leave to amend, for failure to state a claim upon which relief may be granted. Thus, at this time, plaintiff is not entitled to any type of preliminary injunction, as the court lacks jurisdiction to issue any such orders.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for temporary restraining order/ preliminary injunctive relief, filed December 26, 2006, be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 29, 2006**           /s/ **Dennis L. Beck**
3b142a                                  UNITED STATES MAGISTRATE JUDGE