1

2

3

4                    **IN THE UNITED STATES DISTRICT COURT**

5                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7    MICHAEL SMITH,                         CASE NO. CV-F-06-0717 OWW DLB P

8               Plaintiff,                  ORDER DISMISSING COMPLAINT,
                                            WITH LEAVE TO AMEND
9         vs.
                                            [Doc. 1]
10   K. MENDOZA-POWERS, et al.,

11              Defendants.

12   _____/

13   I.    Screening Order

14        Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

15   Plaintiff filed this action on May 5, 2006.  The case was transferred from the Northern District of

16   California on June 8, 2006.  Plaintiff paid the filing fee for this action on July 6, 2006.

17        A.    Screening Standard

18        The court is required to screen complaints brought by prisoners seeking relief against a

19   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

20   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

21   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

22   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

23   filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

24   if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

25   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

26        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

27   relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

28   claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

1

1  citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

2  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

3  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

4  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

5  all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6          B.      Summary of Plaintiff's Complaint

7          The conditions complained of allegedly exist at Avenal State Prison.  Plaintiff names Warden

8  K. Mendoza-Powers as the only defendant.  Plaintiff seeks only injunctive relief.

9          Plaintiff alleges that Avenal State Prison was originally designed to accommodate less that 175

10  inmates.  He contends that no changes or improvements have been made to the buildings in 20 years,

11  yet the inmate population has increased to 296.  Plaintiff alleges that the overcrowding results in delays

12  to use the restrooms and showers and frequent out of service fixtures.  Plaintiff also alleges that the day

13  room is overcrowded and unsanitary and the building air is not filtered or conditioned resulting in cold

14  air in the winter and hot, dusty air in the summer.  Plaintiff contends that the overcrowding in the prison

15  encourages the outbreak of disease.  Plaintiff contends the "administration" is currently adding triple

16  bunks to the dorms in place of doubles, adding 50 more inmates to each housing unit and removing the

17  inmates' personal lockers to make additional room.  Plaintiff alleges the overcrowded conditions result

18  in substandard and unhealthy living quarters.  Plaintiff requests an injunction prohibiting the Warden

19  from installing the triple bunk beds; from removing the current lockers in the dorms; and from making

20  any changes to the dorms until the building infrastructure has been upgraded to accommodate the current

21  inmate population.  Plaintiff also requests an order to ensure that there is no retaliation against him as

22  a result of this complaint.

23          C.      Discussion

24          The Court first advises plaintiff that a non-lawyer proceeding without counsel cannot represent

25  the interests other prisoners or of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).

26  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and

27  proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff

28  cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4).

1   See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed

2   as a class action and instead will be construed as an individual civil suit brought by plaintiff.

3       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

4   conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S.

5   337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide

6   prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v.

7   McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

8   Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may

9   be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost

10   v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

11      "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment

12   Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The

13   objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary

14   standards of decency."  Id. at 8 (quotations and citations omitted).  "[E]xtreme deprivations are required

15   to make out a[n] [Eighth Amendment] conditions-of-confinement claim."  Id. at 9 (citation omitted).

16   With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal

17   offenders pay for their offenses against society, only those deprivations denying the minimal civilized

18   measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."

19   Id. (quotations and citations omitted).

20      The Eighth Amendment guarantees adequate heating."  Keenan, 83 F.3d at 1091.  Inadequate

21   ventilation and air flow violates the Eighth Amendment if it undermines the health of inmates and the

22   sanitation of the penitentiary."  Keenan, 83 F.3d at 1090 (internal quotations and citation omitted).

23   The Eighth Amendment also guarantees sanitation, Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.

24   1982, including personal hygiene supplies such as soap and toothpaste.  Keenan v. Hall, 83 F.3d 1083,

25   1091 (9th Cir. 1996).

26      Plaintiff describes conditions at Avenal State Prison which may implicate the Eighth

27   Amendment, such as sanitation and hygiene issues; however, plaintiff has alleged no facts linking

28   Warden Powers to any of the conditions complained of.  Under section 1983, liability may not be

3

imposed on supervisory personnel for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u>.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  <u>See</u> <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Warden Powers personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646. Accoridnlgy, plaintiff has failed to state a cognizable claim against Warden Powers, who is the only named defendant in this action.

In addition, it is unclear what, if any effect the alleged conditions have had on plaintiff himself. Plaintiff describes various conditions and complains of the effect of these conditions on the inmate population as a whole.  In order to state a claim for relief under section 1983, plaintiff must allege facts that demonstrate that his under Eighth Amendment were violated.  As discussed above, plaintiff may not pursue claims on behalf of other inmates.

D.  <u>Conclusion</u>

In conclusion, the court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983 against the named defendant.  The court will provide plaintiff

1   with the opportunity to file an amended complaint curing the deficiencies identified by the court in this

2   order.

3       Plaintiff is informed he must demonstrate in his complaint how the conditions complained of

4   have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th

5   Cir. 1980). The complaint must allege in specific terms how the named defendant is involved. There

6   can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between

7   a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.

8   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9   Further, plaintiff must give notice of the relief which he seeks from the defendants. Fed. R. Civ. Pro.

10  8(a).

11      Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

12  complete in itself without reference to any prior pleading. As a  general rule, an amended complaint

13  supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff

14  files an amended complaint, the original pleading no longer serves any function in the case. Therefore,

15  in an amended complaint, as in an original complaint, each claim and the involvement of each defendant

16  must be sufficiently alleged.

17      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

18      1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon

19           which relief may be granted;

20      2.   The Clerk's Office shall send plaintiff a civil rights complaint form;

21      3.   Within thirty (30) days from the date of service of this order, plaintiff shall file an

22           amended complaint; and

23      4.   If plaintiff fails to file an amended complaint in compliance with this order, the court will

24           recommend that this action be dismissed, without prejudice, for failure to state a claim

25           upon which relief may be granted.

26      IT IS SO ORDERED.

27  Dated:   **April 23, 2007**                    **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

28

5